A. D. GEOGHEGAN *v.* MICHAEL MILLER'S ADMR.

Judgment—Defense to Action, After Rendered.
> A defendant cannot by answer, after a judgment has been rendered on a note, plead set-offs and payments on a note, the judgment not thus being subject to a collateral attack.

APPEAL FROM MEADE CIRCUIT COURT.

April 24, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

The note upon which the judgment now complained of was rendered bears date August 8th, or 5th, 1850. Suit was brought upon it the 23rd of June, 1858. On the 24th of April, 1865, judgment was rendered for the amount, credited by the payments endorsed on the note. Up to that period no answer had been filed —nor was any answer filed till the 26th of April, 1866, nearly eight years after a summons was served on appellant.

Of the demands pleaded as an offset against the judgment it is proved that of the execution No. 2622 it was satisfied as early as May, 1848, and of the one numbered 2623 all of the principal of that debt was made by a sale of the property of Miller at the same time except $21.02 principal, with some interest and costs; for that balance an execution issued on the 4th of June,

1850, directed to the sheriff of Meade county—the county in which the defendant therein lived—that execution has never been returned, and none other has since ever issued.

Of the judgment in favor of R. D. Geoghegan and claimed to have been assigned to appellant, an execution issued on it on the 28th of January, 1851, which has never been returned. See Brown's statement in the record, former clerk of Hardin circuit court—proved to be correct by Stone.

It appears that after the last execution had been issued for a small balance on one of the debts now claimed to be unpaid, appellant executed the note sued on—and then delayed for about sixteen years to claim a credit for what he now says is unpaid, and does not make an effort to explain the cause of the delay, nor to rebut the presumption of a satisfaction of all previous demands by the execution of the note sued on.

These unanswered facts were not stated in the opinion, as it was then supposed that it was not necessary to comment specially on them as another reason might be assigned for an *affirmance*. But a petition for a re-hearing rendered this necessary.

No reason is offered why these demands were not relied on before the judgment was rendered, having waited until after that was done, although appellant had the opportunity to make his defense he can not after judgment, in this way open a litigation which has been closed.

Petition overruled.

*Cofer, for appellant.*
*Marriott, for appellee.*